UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ERIC ASHLEY, | ) | CASE NO. 5:15CV921-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

The Social Security Administration denied Plaintiff William Eric Ashley's application for Social Security Disability Insurance Benefits in the above-captioned case.  Plaintiff sought review of the Commissioner's decision, and the case was referred to Magistrate Judge Thomas M. Parker for preparation of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. §636 and Local Rule 72.2(b)(1).  The Magistrate Judge submitted an R&R that recommends this Court vacate the final decision of the Commissioner and that the case be remanded to properly apply the treating physician rule.  Doc. 27.  Defendant filed objections, and Plaintiff filed a response.  Docs. 28, 29.  For the following reasons, the Court hereby sustains the objection and remands the case to the Magistrate Judge for consideration of the Plaintiff's second assignment of error regarding significant jobs in the national economy.

The R&R adequately states the factual and procedural background of this case.  Plaintiff has demonstrated no error in that background, so the Court will not reiterate those sections herein.

1

I.      STANDARD OF REVIEW

When a magistrate judge submits an R&R, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has been made. 28 U.S.C. §636(b). Objections to the R&R must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The Court's review of the decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Besaw v. Sec'y of Health & Human Services*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam)).

If substantial evidence supports the ALJ's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (*citing Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v.*

*Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

## II. LAW AND ANALYSIS

Here, the ALJ determined that Plaintiff had not been under a disability from September 15, 2011 through the date of the decision; and therefore, social security benefits were denied. The Plaintiff filed objections arguing: 1) that the ALJ failed to explain valid reasons for not assigning controlling weight to Plaintiff's treating physician, and 2) that the ALJ did not have substantial evidence to support his conclusion that there were jobs in the national economy that Plaintiff could do. Doc. 27. The Commissioner filed a response, arguing that the ALJ reasonably concluded that the opinions of the treating physician were not entitled to controlling weight. Doc. 27. The Magistrate Judge reviewed the ALJ's decision and ultimately concluded:

> Here, the ALJ's reasons for assigning little weight to plaintiff's treating physician appear not to be supported by the evidence in the case record. Nor are they sufficiently specific to make clear to this court the reasons for the weight assigned. His failure to provide sufficiently specific reasons for discounting Dr. Donich's[1] opinion denotes a lack of substantial evidence. [citations omitted.]

Doc. 27 at 25.

The Commissioner objected to this finding, arguing that the "ALJ specifically cited to facts that were inconsistent with Dr. Donich's opinion in his decision." Doc. 28 at 2. The Commissioner then argues that the ALJ pointed to Dr. Donich's treatment notes as being

---
[1] Dr. Donich is Plaintiff's treating physician.

3

inconsistent with his opinions, giving examples "such as the fact that Plaintiff had done considerably well with pain medications, that he exhibited only minimally decreased strength in his legs, walked with a normal gain, and had no sensory or motor dysfunctions." Doc. 28 at 2.

A treating doctor's opinion will be given controlling weight as long as it is well supported by medically-acceptable clinical and laboratory diagnostic techniques and the opinion is not inconsistent with other evidence.  20 C.F.R. § 404.1527(c)(2).  This rule does not prohibit an ALJ from resolving conflicts in the evidence, and the ALJ is not bound by a doctor's conclusory statements.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (citations omitted). An ALJ must also give good reasons for the weight she gives to a treating source's opinion.  20 C.F.R. § 404.1527(c); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).  If a medical opinion is not given controlling weight, it will be evaluated under the factors contained in 20 C.F.R. §404.1527(c).

In this case, the ALJ adequately explained why he chose to give "little weight" rather than controlling weight to Plaintiff's treating physician.  The ALJ ultimately concluded that although Dr. Donich did treat the Plaintiff, his findings were inconsistent with the evidence, and therefore did not need to be afforded controlling weight.  Specifically, the ALJ explained:

> As for the opinion evidence, the opinions of Dan Donich, M.D. are given little weight in this case.  First of all, they are inconsistent in that Dr. Donich initially indicates that the claimant can return to work in mid-2012 but then finds the claimant unable to sustain full-time work.  Also, his limiting the claimant to sedentary whereas the claimant should lift "very little" for only one hour per day, stand and walk for only 1.5 hours total, and sit for no more than 2 hours per workday is unsupported by any clinical findings showing any major deficits beyond the complaints of the claimant, while his opinion provides specific details. His opinions are further contradicted by the claimant's wide range of daily activities, including driving, shopping and performing housework.

4

Doc. 27 at 23-24. This reasoning is sufficient to support declining to give controlling weight to Dr. Donich's opinion. The Court finds it understandable that the Magistrate Judge questioned the legitimacy of the reasons given the intervening surgery between the doctor's notes and opinions. However, looking at the ALJ's reasoning and the underlying facts, the ALJ sufficiently supported his decision and adequately justified his rejection of Dr. Donich's opinion as being inconsistent with the objective medical evidence. The Commissioner's objection is SUSTAINED.

Because the Magistrate Judge did not evaluate Plaintiff's remaining assignment of error, the Court hereby refers the matter back to the Magistrate Judge for a Report and Recommendation that exclusively addresses the remaining assignment of error.

### III. CONCLUSION

Based upon the reasons stated herein, the Commissioner's objection to the Magistrate Judge's Report and Recommendation is SUSTAINED. The Court refers the matter back to the Magistrate Judge to address the Plaintiff's remaining assignment of error. The Report and Recommendation must be completed within 45 days of this order.

IT IS SO ORDERED.

DATE: October 14, 2016          */s/ John R. Adams*
                                Judge John R. Adams
                                UNITED STATES DISTRICT COURT