UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ERIC ASHLEY, | ) | CASE NO. 5:15 cv 921 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner | ) | |
| of Social Security, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

**I.     Introduction**

This is an action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying the application of plaintiff, William Eric Ashley, ("Ashley") for Social Security Disability Insurance Benefits. (Doc. #1).

On May 6, 2016, the undersigned issued a Report & Recommendation ("May 6 R&R") that the court should remand the Commissioner's final decision for failing to articulate good reasons for not assigning controlling weight to the opinion of plaintiff's treating physician.[1] Because the undersigned concluded that the case should be remanded on plaintiff's first assignment of error, I did not proceed to consider his second assignment of error.

The Commissioner filed a timely objection in response to the May 6 R&R.[2] On October 14, 2016, after conducting a *de novo* review, the court sustained the Commissioner's objection, rejected the recommendation of the undersigned, and remanded this matter back to the

---
[1] ECF Doc. No. 27, Page ID# 603
[2] ECF Doc. No. 28.

1

undersigned "for a Report and Recommendation that exclusively addresses the remaining assignment of error."[3] The Court established a 45 day time period within which the further report and recommendation was to be completed.[4]

Plaintiff's second assignment of error was: "Did the ALJ have substantial evidence to support his conclusion that there were jobs in the national economy that this claimant could do; did he carry his burden at Step Five of the sequential evaluation; and were the jobs enumerated by the VE reflective of a "significant number of jobs?""

For the reasons set forth below, it is recommended that the final decision of the Commissioner be AFFIRMED.

## II.    Relevant Evidence

The court's October 14, 2016 Memorandum of Opinion and Order indicates that the May 6 R&R adequately stated the factual and procedural background of this case and found that plaintiff had demonstrated no error in that background. For that reason, and given the limited purpose for which the case has been remanded, the entire factual background of this matter has not been restated herein.

The issue presented in plaintiff's second assignment of error is whether the ALJ erred in his factual and legal conclusion that "there are jobs that exist in significant numbers in the national economy that claimant can perform." (Tr. 25)

Vocational Expert Thomas Nimberger testified at plaintiff's administrative hearing. (Tr. 52-60) The ALJ initially asked Mr. Nimberger to consider a hypothetical younger person, the age of Ashley, with a high school education and the same past work experience as Mr. Ashley. (Tr. 54) The VE was also told that the hypothetical individual could lift, carry, push and pull 20

---

[3] ECF Doc. No. 30, Page ID# 638, 642
[4] Id.

2

pounds occasionally and 10 pounds frequently. (Tr. 54) The person could sit for four hours and could stand and/or walk for four hours in a normal workday. (Tr. 54) The hypothetical person could not climb ladders, ropes or scaffolds, but could occasionally climb ramps and stairs. (Tr. 54) The person could also occasionally stoop, crouch, kneel and crawl. (Tr. 54) The person must avoid workplace hazards such as unprotected heights or exposure to dangerous moving machinery. (Tr. 54) The VE was also told that this person was limited to simple, routine tasks that do not involve arbitration, negotiation, or confrontation. (Tr. 54) The person could not direct the work of others or be responsible for the safety or welfare of others. (Tr. 54) The person could not perform work that requires strict production quotas or piece-rate or assembly work. (Tr. 54) The person would be limited to occasional interaction with others. (Tr. 54)

The VE testified that there would be no work for the hypothetical individual. (Tr. 55) He testified that the precluding factor would arise from the four hour restriction stated in the hypothetical. (Tr. 55) He stated, "Well, we're neither at sedentary nor are we at light. That in and of itself exceeds the parameters of the Department of Labor, and it's quite significant." (Tr. 55)

When the ALJ posed a second, modified hypothetical question under which the worker could lift, carry push and pull ten pounds occasionally and five pounds frequently; sitting for six hours and standing and walking for two hours, with all of the other previously stated limitations remaining, the VE testified that these changes would place the individual in the sedentary classification for the Department of Labor and there would be jobs for such an individual. (Tr. 56-57)

The ALJ requested the VE to provide "three examples with the number of jobs" for the second hypothetical worker. (Tr. 57) The VE testified that he would be able to work as a

3

polisher, with 320 jobs available in northeast Ohio and 39,000 available nationally. (Tr. 57) Such a person could also work as a mailing house worker, with 390 jobs available locally and 48,000 nationally. (Tr. 57-58) He could also work as a document preparer, with 290 jobs available locally and 22,000 nationally. (Tr. 58) The ALJ asked the VE whether his listing of three types of jobs was an exhaustive list or a sampling. The VE stated: "If given time, I could squeeze out a couple more, but it's very much almost exhaustive." (Tr. 58)

The VE was next asked if there would be jobs available if the individual in hypothetical number two needed to be off task 20% of the time. (Tr. 58) The VE testified that there would not be any jobs available for such a person. (Tr. 58) He also testified that there would be no jobs available for such an individual if he needed to miss work on average four days in a month. (Tr. 59) The VE also indicated that there would be no jobs available for an individual who was limited to sitting for two hours and standing and/or walking for a total of two hours. (Tr. 60)

### III. Parties' Arguments

Plaintiff filed his brief on the merits on November 20, 2015.[5] In relation to his second assignment of error, plaintiff argues that the ALJ did not carry his burden at step five of the sequential evaluation. First, plaintiff contends that the questions the ALJ asked the VE did not accurately reflect what Dr. Donich, plaintiff's physician, felt Mr. Ashley could do. Plaintiff also argues that there was insufficient evidence supporting the ALJ's conclusion that there was a significant number of jobs that plaintiff could perform. Plaintiff cites *Hall v. Bowen,* 837 F.2d 272, 275 (6th Cir. 1988) in which the court held that, in addition to the number of jobs, the ALJ should also consider the reliability of the VE's testimony as well as the claimant's, in addition to the types and availability of work. *Hall* also held that that the final decision on these issues

---

[5] ECF Doc. No. 20, Page ID# 548

4

turned on the "trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Id.*

Plaintiff argues that the three jobs identified by the VE in his hearing did not exist in significant numbers in either the state of Ohio or the whole United States. The VE testified that there were approximately 320 polisher jobs, 390 mailing house worker jobs and 290 document preparer jobs in the local economy. Plaintiff argues that this does not represent a significant number of jobs. Plaintiff also points out that the VE testified that an individual who was off task 20% of the time (as Dr. Donich opined that plaintiff would be) or who would miss four days of work per month would not be able to perform any job.

Defendant filed her brief on February 17, 2016.[6] Regarding plaintiff's second assignment of error, defendant argues that the ALJ did not err in step five of the sequential evaluation. Defendant argues that the hypothetical questions to the VE included all of plaintiff's credible limitations. Defendant also points out that the ALJ's hypothetical questions mirrored his finding of plaintiff's residual functional capacity and was proper. The ALJ sought testimony from a vocational expert who testified to three representative jobs that a hypothetical individual with plaintiff's abilities could perform. Thus, defendant argues that the ALJ did not err in determining that there was substantial evidence supporting the finding that a significant number of jobs existed which the plaintiff could perform. Defendant relies upon *Stewart v. Sullivan*, 904 F.2d 708, 1990 U.S. App. LEXIS 9183 (6th Cir., 1990) in which the Sixth Circuit Court of Appeals held that an even smaller number of jobs than those posited here constituted a "significant number" of jobs for purposes of satisfying 42 U.S.C. § 423(d)(2)(A). Defendant argues that deference must be given to the ALJ's decision and that he did not err at step five of his evaluation.

---

[6] ECF Doc. No. 25, Page ID# 580

5

### IV. Law & Analysis

#### A. Standard of Review

The court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.,* 348 F.3d 124, 125 (6th Cir. 2003) (the "decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983). Substantial evidence has been defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health and Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994).

The Act provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §§ 405(g) and 1383(c)(3). The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter,* 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986); *see also Her v. Comm'r of Soc. Sec.,* 203 F.3d 288, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *See Key v.Callahan,* 109 F.3d 270, 273 (6th Cir. 1997). This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen,* 800 F.2d at 545 (*citing Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir. 1984).

In addition to considering whether the Commissioner's decision was supported by

6

substantial evidence, the court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See e.g. White v. Comm'r of Soc. Sec.* 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.")

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue,* 774 F.Supp.2d 875, 877 (N.D. Ohio 2011) (*quoting Sarchet v. Chater,* 78 F.3d 305, 307 (7th Cir. 1996); *accord Shrader v. Astrue,* No. 11-13000, 2012 U.S. Dist. LEXIS 157595 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue,* No. 1:10-cv-734, 2011 U.S. Dist. LEXIS 141342 (S.D. Ohio Nov. 15, 2011); *Gilliams v. Astrue,* No. 2:10-CV-017, 2010 U.S. Dist. LEXIS 72346 (E.D. Tenn. July 19, 2010); *Hook v. Astrue*, No. 1:09-cv-19822010, 2010 U.S. Dist. LEXIS 75321 (N.D. Ohio July 9, 2010).

  **B.** **Substantial Evidence Supports the Conclusion that Plaintiff had the RFC to Perform Substantial Gainful Activity**

In plaintiff's second assignment of error, he first argues that the ALJ erred in Step Five of the sequential evaluation by failing to ask the VE questions that accurately reflected plaintiff's residual functional capacity "RFC." Once it is determined that a claimant does not have the RFC to perform his past relevant work, the burden shifts to the Commissioner at Step Five to produce

evidence demonstrating that the claimant possesses the capacity to perform other substantial gainful activity which exists in the national economy. *Foster v. Halter,* 279 F.3d 348, 354 (6th Cir. 2001); *Anthony v. Astrue,* 266 F.App'x 451, 460 (6th Cir. 2008) (citing *Young v. Sec'y of Health & Human Servs.,* 925 F.2d 146, 148 (6th Cir. 1990). "To meet this burden, there must be a finding supported by substantial evidence that [the claimant] has the vocational qualification to perform specific jobs." *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). The testimony of a vocational expert in response to a hypothetical question may serve as substantial evidence of a claimant's vocational qualifications to perform certain jobs. *Id.* However, the hypothetical question must accurately portray the claimant's physical and mental state. *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 241 (6th Cir. 2002). A hypothetical question must precisely and comprehensively set forth every physical and mental impairment that the ALJ accepts as true and significant. *See Griffeth v. Comm'r of Soc. Sec.,* 217 Fed. App'x 425, 429 (6th Cir. 2007) (citing *Casey v. Sec'y of HHS,* 987 F.2d 1230, 1235 (6th Cir. 1993)); *Varley,* 820 F.2d at 779. Where the hypothetical question is supported by evidence in the record, it need not reflect unsubstantiated allegations by the claimant. *See Blacha v. Sec'y of Health & Human Servs.,* 927 F.2d 228, 231 (6th Cir. 1990). However, where the ALJ relies upon a response to a hypothetical question that fails to adequately account for all of the claimant's limitations, it follows that a finding of disability is not based on substantial evidence. *See Newkirk v. Shalala,* 25 F.3d 316, 317 (6th Cir. 1994). If a VE testifies in response to a hypothetical question that sets forth all of the claimant's impairments, his response constitutes substantial evidence for a finding of either disability or nondisability. *See Maziarz v. Sec'y of Health & Human Servs.,* 837 F.2d 240, 247 (6th Cir. 1987).

Plaintiff contends that the ALJ's hypothetical questions did not accurately reflect the plaintiff's limitations as opined by plaintiff's treating physician, Dr. Donich. The court has already determined that the ALJ sufficiently supported his decision regarding plaintiff's RFC and that he adequately justified his rejection of Dr. Donich's opinion as being inconsistent with the objective medical evidence.[7] Thus, to the extent that plaintiff's second assignment of error challenges the ALJ's treatment of Dr. Donich's opinion, it necessarily fails given the conclusion expressed in the October 14 Memorandum of Opinion and Order. Moreover, given the Court's limited remand to the undersigned, that issue may not be further considered.

The ALJ's second hypothetical question to the VE mirrored the ALJ's finding of plaintiff's residual functional capacity. The ALJ determined that plaintiff had the residual functional capacity to perform sedentary work with certain limitations.[8] He framed hypothetical questions for the VE involving an individual of plaintiff's age, with plaintiff's educational and past work experience, who was limited to sedentary work with the same impairments as plaintiff. In response, the VE identified three representative jobs that he concluded the hypothetical individual could perform. The ALJ's hypothetical questions set forth the impairments that he found were true and accurate and the VE's responses to those hypothetical questions amounted to substantial evidence of plaintiff's vocational qualifications to perform certain jobs. *See Varley,* 820 F.2d at 779. The ALJ did not err in framing his second hypothetical question to the VE or in determining that there was appropriate evidence that plaintiff could perform the jobs set forth by the VE.

---

[7] ECF Doc. No. 30, Page ID# 642
[8] ECF Doc. No. 15, Page ID# 82

### C. Substantial Evidence Supports the Conclusion that a Significant Number of Jobs Exist That Plaintiff Can Perform

Plaintiff also argues that the ALJ erred at Step Five in finding that a significant number of jobs existed that plaintiff could perform.  Plaintiff argues that the testimony of the ALJ supports a finding that approximately 1,000 jobs existed which plaintiff could perform in the whole northeast quadrant of Ohio. Plaintiff contends that this is an insignificant number of jobs and that his case should be remanded on that basis.

As previously stated, at Step Five the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy which the claimant can do, given his residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1512(g) and 404.1560(c).  "Jobs existing in the national economy" do not include "[i]solated jobs that exist only in very limited numbers in relatively few locations outside of the region where [the claimant] lives. . ."  20 C.F.R. § 404.1566(b).  The Sixth Circuit Court of Appeals has determined that "it is immaterial that [the number of relevant jobs] is a small percentage of the total number of jobs in a given area." *Hall,* 837 F.2d at 275.  Instead, in determining whether the jobs identified are limited and isolated, the factors to be considered include:

> the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance the claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on.

*Id.* The Sixth Circuit has also indicated that the court must give deference to the Secretary's application of these criteria.  *Stewart,* 904 F.2d at *9 (citing *Hall,* 837F.2d at 275).

At Step Five of his evaluation, after considering the claimant's residual functional capacity and the vocational expert's testimony, the ALJ found that plaintiff was capable of performing other work that existed in significant numbers in the national economy.  The

10

undersigned notes that plaintiff has not cited any case law or factual basis supporting his argument that 1,000 total local jobs cannot constitute a "significant number" of jobs as a matter of law.  In *Hall,* supra, the case relied upon by plaintiff, the Sixth Circuit Court of Appeals held that the ALJ's finding that 1,350 jobs in the local economy established work in significant numbers was supported by substantial evidence and was conclusive.  *Hall*, 837 F.2d at 275.  As pointed out by defendant, the Sixth Circuit has also determined that as few as 125 relevant jobs could be a significant number of jobs in *Stewart v. Sullivan,* 904 F.2d at *10.

Considering the criteria stated in *Hall*, and after giving due deference to the ALJ's application of these criteria, the undersigned cannot say that the ALJ erred in his finding at Step Five in the instant case.  The VE was present during Mr. Ashley's testimony regarding his impairments and accounted for his limitations.  The VE identified three representative jobs that he concluded Mr. Ashley could perform. (Tr. 57-58)  The ALJ determined that the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles, and plaintiff has identified no basis upon which this court could question the reliability of the VE's testimony.  (Tr. 25)  Substantial evidence supports the ALJ's determination at Step Five that jobs in a significant number exist that plaintiff is capable of performing.  The undersigned recommends that the court defer to the ALJ's determination on this issue and AFFIRM the final decision of the Commissioner.

## V. Conclusion

For the foregoing reasons, the undersigned reports that the decision of the Commissioner was supported by substantial evidence. Accordingly, it is recommended that the final decision of the Commissioner be AFFIRMED.

Dated: November 16, 2016

Thomas M. Parker
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.